Thomas, Justice, delivered the opinion of the court: The plaintiff in error sued the defendant before a justice of the peace of Hamilton county. The parties appeared and proceeded to trial, and a verdict and judgment were rendered for the plaintiff for $11.21 and costs. The defendant appealed, and on the trial in the circuit court, a verdict was found by the jury for him. From the bill of exceptions tendered by the plaintiff and allowed by tbe court, during the progress of the trial, the following state of facts appears, viz: The plaintiff after having-proved several items of his account, by witnesses introduced for that purpose, made oatli that he had no other witness by whom he could prove the remaining items of his said account, except his own oath, or that of the defendant, and called upon the latter to testify as to said last mentioned items, and the said defendant consenting to do so, was accordingly sworn. The plaintiff, by his counsel, then examined the said defendant, as to the items of his said account, not proved by other witnesses, and thereupon the said defendant’s attorney proceeded to examine the said defendant generally, as to the whole of the plaintiff’s said account, to which the plaintiff objected, but his objection was overruled by the court, and said examination permitted. The defendant’s counsel then produced the defendant’s account, and offered to prove the same by the oath of the said defendant, and thereupon the plaintiff, by his counsel, objected to the introduction and proof of the said account at all, because the defendant was present on the trial of the said cause before the justice of the peace, and on his account being demanded of him by the said justice, neglected and refused to bring any account forward, or file, the same; all of which, the plaintiff offered to prove by the said justice ; but the court refused to hear the evidence of the said justice, and overruled [* 545 ] said objection. The plaintiff, by his attorney, then objected to the defendant’s swearing to his own account, without first making oath, that he had no other witnesses, by whom to prove the same, except his own oath, or that of the adverse party, and first tendering the oath to the plaintiff; but the court overruled the objection, and permitted the defendant to prove his own account, by his own testimony. To the said several opinions of the court the plaintiff excepted. The plaintiff moved for a new trial, on the following grounds, to wit: 1. Because the verdict was contrary to law and evidence. 2. Because it was contrary to evidence. 3. Surprise. 4. Newly discovered evidence. The third and fourth grounds relied upon for a new trial were supported by the affidavit of the plaintiff (preserved by a bill of exceptions allowed by the court,) stating, in substance among other things, that plaintiff was taken by surprise by the production of the defendant’s account in the circuit court, which he did not produce on the trial before the justice of the peace, and by his being permitted to swear to the said account. That plaintiff tendered the oath to the defendant as to only three items of his, the said plaintiff’s account, and by reason of the court’s permitting the defendant to disprove the said account of plaintiff generally, aud also to prove his own fabricated account, which said plaintiff then for the first time ever saw or heard of, he was taken by surprise. That had the plaintiff known of the existence of such account, he would have been prepared to meet it, so as to have obtained judgment for at least part of his demand. That he, the plaintiff, could prove by James Heard, the justice who tried the suit, that the defendant admitted after the trial before the said justice, that he owed the plaintiff |7.50, on a settlement of accounts, but would not pay it, because he thought he could non-suit plaintiff in the circuit court, and his ability to prove said facts by said Heard came to his knowledge, since the trial of the cause in the circuit court, etc. The court overruled the motion for a new trial, and rendered judgment against the plaintiff on the verdict. The plaintiff excepted to the decision of the circuit court and prosecutes this, his writ of error, for the reversal of the said judgment. The assignment of errors questions the several decisions of the circuit court: 1st. In allowing the defendant to be examined generally as to the plaintiff’s account, when he had been introduced to testify to particular items only ; 2d. In receiving evidence, on an account which the defendant refused to produce before the justice; 3d. In permitting defendant to swear to his own account, without first making oath that he had no witness by whom [* 546 ] to prove his demand, except his own oath, or that of the adverse party, and without tendering the oath to the plaintiff; and, 4th and 5th. In overruling plaintiff’s motion for a new trial, on the ground of surprise and newly discovered evidence. In the investigation of these questions we are called upon to settle the correct practice in the circuit court, in cases of ap peal from -decisions of justices of the peace: I. Where either party in any such case makes oath that “ he knows of no witness by whom he can prove his demand, discount, or set-off, except by his own oath, or that of the adverse party,” as authorized by law. Gale’s Stat. 420. And, II. Where the defendant offers, for the first time, to file his account in the circuit court. Then as to the first point: To determine the extent to which the examination of a party to an appeal suit may be carried, where he has been called upon by the adverse party to testify under the statute, a reference to the purposes of seeking to elicit such testimony, and authorizing it to be received, may be necessary. When persons have gone into litigation for the settlement of disputes, involving their pecuniary interests, neither party is willing to subject his claim to the test of his adversary’s oath, if he has any other means of establishing it. He always considers such resort a dernier one, and chooses to rely on the testimony of impartial and disinterested witnesses, if they can be had, for proof of the legality and justice of his claim, rather than to submit it for confirmation to the very party whose interests require him to invalidate it, to say nothing of the anxiety for success and fear of defeat, which litigation always engenders. And moreover, the law, as a general rule, wisely refuses to permit parties to be placed in a position, in which the hope of gain, and dread of loss, may tempt them to secure the former and avoid the latter, by means of false swearing. But there are cases in which a party may desire to sustain his claim or demand against his adversary, by the testimony of that adversary himself, and in such cases the law permits it to be done. In the necessity which begets the desire to resort to such proof is found the justification for allowing it to be done. This is where the facts necessary to prove any matter of account in controversy rests alone in the knowledge of the parties themselves. Then where a party to a suit, pending by appeal in the circuit court, makes the necessary preliminary oath to authorize him to call upon the adverse party to testify, and either the adverse party, or the party making such oath (the adverse party having declined testifying) is sworn, he does not become a general witness, but his testimony will be confined to “ the demand, discount, or set-off,” in reference to 'which he has been sworn. Like a defendant in a bill of discovery in aid of the proceeding at [* 547] law, the interrogatories addressed to him must have exclusive reference to the matters alleged to rest exclusively in his knowledge, and that of the party calling for his testimony, and his answers, so far as responsive to such interrogatories, but no farther, will be evidence. If he has 'paid or discharged the demand in reference to which he was sworn and interrogated, he may state that fact, and such statement will be received as responsive to the questions propounded to him.' But if he only claims that he is not legally bound to pay such demand by reason of his having a subsisting account or set-off, against the party calling on him to testify, he cannot proceed to establish such account or set-off, by his own oath, by virtue of his having been sworn at the instance of the adverse party. He may have other and disinterested evidence to support sucli account or set-off, and if so, should be required to produce it; but if he has not any other means of sustaining such account or set-off except by resorting to his own, or his adversary’s oath, he must first swear to that fact, and call upon his adversary to testify to such demand, before he can legally do so himself. To go further would be to transcend the bounds prescribed by the necessity authorizing the introduction of the testimony of the parties litigant; it therefore should not be done. By a different construction of the statute, a party whose account consisted of numerous items, might be permitted, if his adversary being called upon to testify as to some particular item of such account, should decline doing so, to prove not only that particular item, but all the balance of his account, although he might have ample legal evidence to support it, which by ordinary diligence, he could have produced on the trial. And again, a party when called upon by his adversary to testify, as to a single item of his account, because no other evidence in support of it existed, might thus be authorized to disprove all the other items of such account, although already fully established by disinterested evidence. Such consequences never could have been contemplated by the legislature. The court below consequently erred in permitting the defendant, when sworn as a witness at the instance of the plaintiff, to testify as to the items of the plaintiff’s account, proved by other witnesses, and to establish his own account against the plaintiff by his own oath. Upon the second point we are of opinion, that in cases of appeal from judgments of justices of the peace, the defendant, if he appeared on the trial before the justice, cannot demand as a matter of right to file his account for the first time, or to file additional items thereof, in the circuit court; but in such cases the court may, in its discretion, for sufficient cause shown, permit such new or amended account to be filed. The, fact, however, that the defendant appeared before the justice of the peace, and there exhibited no account, justifies the plaintiff in supposing that he intended making no defence, and he may consequently [* 548] be reasonably presumed to be surprised by the filing of such account in the circuit court. The court therefore should, in such cases, grant the plaintiff a continuance on the ground of surprise, if, in the estimation of the court, such continuance is necessary to enable the plaintiff to meet and disprove the new or amended account thus filed. It follows from these premises that the permission to file such new or amended account should regularly be asked for and obtained _ before the commencement of the trial in the circuit court. In the case under consideration, the defendant appeared on the trial before the justice, and there not only neglected, but (as the plaintiff offered to prove) refused to file his account, when expressly requested by the justice to do so ; and in the circuit court he was permitted to file his account after the trial had been commenced, and the jury sworn. In this the court manifestly erred. It results, as a necessary consequence from what has been already said, that the oourt should have sustained the motion for a new trial on the ground of surprise, by reason of the defendant’s filing his account at the time and in the manner in which it was done, without reference to the other grounds in support of the said motion. Whether the facts disclosed in the affidavit of the said plaintiff were sufficient to warrant the court in awarding a new trial on the ground of newly discovered evidence or not, we do not feel called upon here to determine, as for the errors already assigned the judgment will be reversed with costs. Let the cause be remanded to the circuit court of Hamilton comity with instructions to award a venire de novo. Judgment reversed.